IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA FRASER | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | |
| UNIVERSIY OF TEXAS | § | |
| MEDICAL BRANCH | § | |
| | § | |
| **Defendant.** | § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Rebecca Fraser ("Fraser" or "Plaintiff") presents this her Original

Complaint against Defendant, University of Texas Medical Branch ("Defendant") and for causes of

action would show the Court as follows:

**I.**

**INTRODUCTION**

1.      Plaintiff brings this action for sex discrimination and retaliation under Title VII and

Chapter 21 of the Texas Labor Code.

**II.**

**PARTIES**

2.1      Plaintiff is a citizen and resident of the State of Texas and resides at 120

County Road 4034, Lampasas, TX 76550. Plaintiff may also be reached through her undersigned

counsel.

2.2      Defendant University of Texas Medical Branch is a public academic health science

center in Galveston, Texas and is part of the University of Texas System located at 301 University

Blvd. Galveston, TX 77555-1206. Defendant may be served through the Office of the Texas Attorney General located at 300 W. 15th Street, Austin, TX 78701.

## III.

## JURISDICTION AND VENUE

3.1     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, pendant and supplemental jurisdiction of the common law claims.

3.2     Venue for all causes of actions stated herein lies in the Southern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.  This Court also has pendent jurisdiction over state law claims.

3.3     Plaintiff timely filed her Charge of Discrimination before the EEOC and Texas Workforce Commission on June 30, 2022. On December 1, 2022 The EEOC issued a Notice of Right to Sue. The instant complaint is being filed within 90 days of Plaintiff's receipt thereof and subsequent delivery to her legal counsel.

## IV.

## FACTUAL ALLEGATIONS

4.1     Plaintiff, a white female was hired by Defendant on January 6, 2020, as an LVN. Plaintiff's last day of employment with Defendant was June 11, 2021.

4.2     From May 2020 through January 2021, Plaintiff was sexually harassed by her manager, La Tresha Thomas, ("Thomas") Cluster Nurse Manager. Thomas made multiple crude comments in the workplace directed towards Plaintiff. These comments made Plaintiff very uncomfortable. Plaintiff asked her to stop this harassment on numerous occasions and ultimately brought her complaints to Defendant's Human Resources department.

4.3     Despite Plaintiff's repeated requests that she not be harassed in the workplace, Plaintiff's manager continued to sexually harass Plaintiff.

4.4     As a result of this continued harassment, Plaintiff became distressed and had no option, but to apply for intermittent FMLA leave, which of wase approved during 2020 and 2021.

4.5     While Plaintiff was on her latest intermittent FMLA leave and before she returned to work in late January/ early February 2021, Defendant transferred Plaintiff from her original work location to a new unit where she was treated differently and endured offensive comments from her new manager over that unit and other staff members based on her FMLA leave and her previous complaints of sexual harassment.

4.6     Upon Plaintiff's return to work after her latest FMLA leave, she received a written warning from Thomas. In the warning from Plaintiff's former manager, Thomas prohibited Plaintiff from transferring, being promoted or earning bonuses.

4.7     Plaintiff went out on FMLA again for PTSD and depression.

4.8     While plaintiff was out on FMLA leave for PTSD and depression, Defendant asked plaintiff when she was returning to work. When plaintiff informed defendant that her doctor and therapist had not yet released her, defendant asked if she was resigning. Plaintiff had no intention of resigning but was terminated on June 11, 2021.

4.9     Defendant issued report on June 21, 2021. in that report, Defendant found that there was evidence to substantiate that:

A. Thomas participated in conversations with others regarding intimate details of her sex life, sexual preferences piercings, and the implication that she had participated in selling drugs or had knowledge of this activity occurring in her presence with her boyfriend.
B. Ms. Thomas made racial comments in front of five witnesses.
C. Ms. Thomas failed to preserve confidential employee information at her desk.
D. Thomas made a comment in front of others about her staff being incompetent.

4.10    Finally, Defendant determined that there was evidence of violations of UTMB

Institutional Handbook of Operating Procedures Policy 03.02.04, sexual misconduct policy

03.02.09 non retaliation policy, and policy 03.01.09, discipline dismissal and appeal for classified

employees.

4.11    Essentially Defendants' findings confirmed that Thomas did engage in

inappropriate sexual conduct and retaliation.

## V.

## FIRST COUNT

### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) ET SEQ. AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.1    The foregoing paragraphs of this Complaint are incorporated in this count as fully

as if set forth at length herein.

5.2    Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII  and

belongs to a class protected under the statute, namely females.

5.3    Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII

because they both employ more than fifteen employees.

5.4    Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor

Code.

5.5    Defendant intentionally allowed Plaintiff to work in a sexually hostile work

environment and be harassed by her immediate supervisor because of her sex in  violation of Title

VII and Chapter 21 of the Texas Labor Code by terminating her employment and replacing her

position with a male employee.

5.6    Following Plaintiff's reports of sexual harassment, she was adversely treated and

ultimately terminated, defendant issued a report that acknowledged that there was evidence to support plaintiff's allegations of harassment, discrimination, and retaliation.

5.7     Despite these findings, defend made no attempt to recall the Plaintiff and stood by its decision to terminate her employment in retaliation for her protected activity.

5.8     Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission and has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

5.9     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

> a.     Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and
>
> b.     Plaintiff suffered lost wages and related benefits.

5.10     Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.11     Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex.  Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.12     Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages.  Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

5.13     Defendant also retaliated against the plaintiff for her protective activities and is therefore liable for the same damages outlined in Paragraph 24.

## SECOND COUNT

## FMLA INTERFERENCE ANDT RETALIATION

5.14     The foregoing paragraphs are incorporated herein as though fully set forth.

5.15     Plaintiff was an "eligible employee," as that term is defined in 29 U.S.C. §2611(2)(A).  Plaintiff was employed by Defendants for at least 12 months and had worked at least 1,250 hours during the 12-month period preceding his request for FMLA leave.

5.16     Defendant is a "covered employer" as that term is defined in 29 U.S.C. §2611(4)(A)(I).

5.17     Defendant was engaged in commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 and 2021.

5.18     Plaintiff gave Defendant adequate notice that she needed time off  due to a serious medical condition.

5.19     Plaintiff's absences were clearly protected under the FMLA. These alleged concerns are a pretext for Defendant's true motive, which was to remove Plaintiff from her position upon her return from FMLA leave. Defendant punished Plaintiff for exercising her rights under the FMLA.

5.20     Defendant also failed to provide Plaintiff with a written notice detailing the specific expectations and rights to which Plaintiff was entitled while on leave, as required by 29 C.F.R. §825.300(c)(1).  Specifically, Defendants failed to notify Plaintiff of her right to be restored to the same or an equivalent position upon her return from FMLA leave, as required by 29 CFR 825.300(c)(1)(vi).

5.21     While Plaintiff was on FMLA leave, Defendant pressured Plaintiff to resign and

ultimately terminated her employment in retaliation for exercising her FMLA rights. As a direct result of the defendant's actions, plaintiff has suffered termination of employment, lost wages and related health benefits and coverage.

5.22    Plaintiff sustained other actual monetary losses as a direct result of the violation. Plaintiff seeks to recover these amounts, and other appropriate equitable or other relief, including but not limited to employment, reinstatement, or front pay in lieu of reinstatement.

5.23    Defendant's violation of the FMLA was willful or in reckless disregard of Plaintiff's statutory rights.  The violation was not in good faith, and Defendant had no reasonable grounds to believe that it was not violating the FMLA.  Plaintiff therefore requests liquidated damages as provided by the FMLA.

5.24    In addition, Plaintiff has had to retain the undersigned attorney to prosecute these claims.  Plaintiff therefore seeks to recover his attorneys' fees and court costs, as well as pre-judgment and post-judgment interest, as permitted.

## THIRD COUNT

## DEMAND FOR ATTORNEY'S FEES

5.25    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

5.26    The preparation and filing of this Complaint has necessitated the hiring of attorneys. Plaintiff seeks to recover reasonable and necessary attorneys' fees.

## VI.

## JURY TRIAL DEMANDED

6.1    Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)     Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)     Judgment for back pay and front pay as allowed by law;

(3)     Damages for past and future mental anguish, emotional distress, and physical distress;

(4)     Exemplary damages in an amount to be determined by the trier of fact;

(5)     Prejudgment and Post-judgment at the maximum legal rate;

(6)     All costs of court;

(7)     Attorneys' fees; and

(8)     Such other and further relief to which Plaintiffs may be justly entitled.

Dated: March 8, 2023.                    Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By:*/s/ Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No. 15241235
3141 Hood St. Ste 500
Dallas, Texas 75219
Telephone: (214) 379-0827
Facsimile: (214) 379-0848

**ATTORNEYS FOR PLAINTIFF
REBECCA FRASER**